

**10 CIV 0724**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

S.S. by her parent/guardian and next friend E.S.,

        Plaintiff,

   -against-

CITY OF NEW YORK and POLICE OFFICER DAVID TERRELL (Shield #16032),

        Defendants.

------------------------------------ X

10 cv _____

**COMPLAINT AND**
**JURY DEMAND**

Plaintiff S.S. by her attorneys DLA Piper LLP (US) and The Legal Aid Society, for her Complaint alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action under 42 U.S.C. § 1983 and is brought to redress violations of Plaintiff's rights to due process of law as guaranteed by the United States Constitution, as well as Plaintiff's rights under the laws of the State of New York. On or about February 3, 2009, while in custody of the New York City Department of Juvenile Justice ("DJJ")[1], and confined to the Bridges Juvenile Center ("Bridges"), S.S., a fifteen-year-old girl, was assaulted violently and unjustifiably by an officer of the New York City Police Department ("NYPD"). S.S. suffered serious physical and mental injuries as a result of this attack. S.S. now seeks redress against David Terrell, the NYPD officer who struck her, and the City of New York.

---

[1] In January 2010, New York City Mayor Michael Bloomberg announced that, effective immediately, DJJ would become part of the New York City Administration for Children's Services.

## JURISDICTION AND VENUE

2. This action arises under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, Article I, § 12 of the New York Constitution, and New York common law. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)–(4), and 1367(a). This Court has pendent jurisdiction over Plaintiff's state law claims for assault and battery and negligent hiring, training and retention of employment services.

3. The acts complained of occurred in the Southern District of New York. Venue is lodged in this Court pursuant to 28 U.S.C. § 1391.

4. This action has been commenced within one year after the event upon which plaintiff's claims are based.

## JURY DEMAND

5. Plaintiff demands trial by jury in this action.

## PARTIES

6. S.S. is a citizen of the United States and, at all pertinent times, was held in civil confinement at DJJ's Bridges facility in Bronx County, New York. S.S. is no longer in the custody of DJJ. She currently resides in Richmond County, New York. At the time of the event upon which her claims are based, S.S. was 15 years old.

7. At all times relevant hereto, Defendant David Terrell (Shield #16032), was under the employ of the NYPD and acting in the capacity of agent, servant and employee of Defendant City of New York ("City"), within the scope of his employment as such, and acting under color of state law. Defendant Terrell was present at Bridges at the time of the incidents alleged herein, and perpetrated the attack on Plaintiff S.S. Defendant Terrell is sued in his individual and official capacities.

8. Defendant City of New York is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, the City, acting through the NYPD, was responsible for the policies, practices, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and of the State of New York.

## FACTS

9. On or about February 3, 2009, following an incident at her high school on Staten Island, fifteen-year-old S.S. was admitted to DJJ's Bridges facility. After her arrival and admission to Bridges, S.S. remained for a length of time in the "admissions area."

10. The Bridges "admissions area" includes a small office containing among other things a desk and chair, several wooden benches, and file cabinets.

11. On February 3, 2009, having nothing to do with S.S.'s arrest, transportation or admission, Defendant Terrell also was present at Bridges. He was at Bridges in his capacity as an officer of the NYPD, transporting other children to DJJ for their admission to Bridges. On information and belief, on February 3, 2009, Defendant Terrell transported several young girls to Bridges for admission and Defendant Terrell remained in and around the "admissions area" where S.S. and other juveniles were being held.

12. On February 3, 2009 while in the "admissions area," S.S. and other girls talked to each other while waiting on benches. Upon information and belief, some of these other girls had been brought to Bridges by Defendant Terrell, but S.S. had not. Defendant Terrell is not a DJJ employee, however on information and belief, Defendant Terrell continued to exert authority

and control over the aforementioned girls after he transferred them to DJJ custody, by demanding that they stop talking.

13. While in the "admissions area" S.S. also engaged in spirited conversation with DJJ staff. S.S. was asked to lower her voice by DJJ staff, but at no point was she disciplined by DJJ staff for her speech or actions.

14. Defendant Terrell was present during the conversation and became angry when S.S. continued to talk after being asked by DJJ staff to quiet down. Defendant Terrell demanded that S.S. cease all communication and became unreasonably enraged when S.S. questioned his reasoning for doing so.

15. Defendant Terrell then knocked a plate of food out of S.S.'s hand and continued to argue with S.S..

16. Immediately thereafter, in the presence of others, Defendant Terrell intentionally punched S.S. multiple times in her face. Defendant Terrell's blows were powerful enough to cause S.S.'s face to hit the bench where she had been seated with extreme force.

17. At the time of the assault, S.S. was a 15-year-old girl of modest build, weighing approximately 120 pounds.

18. On information and belief, Defendant Terrell has a history of disciplinary problems and has been previously accused of committing an assault while on duty as an officer of the NYPD.

19. After Defendant Terrell assaulted S.S., DJJ staff allowed Defendant Terrell to leave the premises unimpeded and did not call 911 or file a complaint with the police department to report the assault by Defendant Terrell on S.S.

20. As a result of the unlawful and brutal beating by Defendant Terrell, S.S. incurred

serious physical and mental injuries, including but not limited to severe swelling and bruising of her face and eye which lasted for several days. S.S. received medical attention after the beating for mental and physical injuries.

21. S.S. requested that the DJJ Bridges staff call her legal guardians and inform them of her assault and injuries. Bridges staff refused to do so. S.S.'s guardians did not learn of her injuries until S.S. told them what happened and they saw her face.

22. DJJ Bridges staff filed an internal incident report with witness statements. No statement was obtained from Defendant Terrell.

23. In response to the assault by Defendant Terrell, DJJ staff later attempted to report the incident to the New York State Central Register of Child Abuse and Neglect (also known as the State's child abuse hotline) as suspected abuse or maltreatment of a child by an adult.

24. Defendant City's supervision, training, instruction and control of NYPD personnel in the performance of their duties, and in particular the supervision, training, instruction and control of Defendant Terrell, is grossly inadequate and constitutes substantial and deliberate indifference to S.S.'s right to be free from bodily injury resulting from assault by Defendant Terrell while in DJJ custody.

25. Each and every act of the Defendants alleged herein was done under the color and pretense of state law, and under authority of their offices as heretofore alleged.

26. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the incident complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## FIRST CLAIM FOR RELIEF
### Violation of the Civil Rights Act, 42 U.S.C. § 1983 and Violation of the Fourteenth Amendment of the United States Constitution
### (Against Defendant Terrell)

27. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

28. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, and unconscionable force, Defendant Terrell deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourteenth Amendment of the United States Constitution to be free from gratuitous and excessive force.

29. Defendant Terrell acted under pretense and color of state law and in his individual and official capacities and within the scope of his employment as a police officer with the NYPD. Said acts by Defendant Terrell were without authority of law, and in abuse of his power. Defendant Terrell acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and the Fourteenth Amendment of the United States Constitution.

30. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged in this complaint.

## SECOND CLAIM FOR RELIEF
### New York State Constitution, Art. I, § 12
### (Against Defendants Terrell and City)

31. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

32. By reason of the foregoing, and by assaulting, battering, and using gratuitous,

excessive, brutal, and unconscionable force, Defendants Terrell and City deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 12 of the New York Constitution.

33. Defendant Terrell acted under pretense and color of state law and in his individual and official capacities and within the scope of his employment as an NYPD officer. Said acts by Defendant Terrell were beyond the scope of his jurisdiction, without authority of law, and an abuse of his powers, and Defendant Terrell acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her constitutional rights secured by Article I, § 12 of the New York Constitution.

34. Defendant City, its officers, agents, servants, and employees were responsible for the deprivation of Plaintiff's state constitutional rights. The City, as the employer of Defendant Terrell, is responsible for Defendant Terrell's wrongdoing under the doctrine of *respondeat superior*.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages alleged herein.

### THIRD CLAIM FOR RELIEF
### Assault and Battery
### (Against Defendants Terrell and City)

36. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

37. By the actions described above, Defendant Terrell, acting within the scope of his employment, intentionally, willfully, and maliciously assaulted Plaintiff in that he had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did commit violent and/or menacing acts which threatened such contact to Plaintiff, and that such

act(s) caused apprehension of such contact in Plaintiff.

38. By the actions described above, Defendant Terrell, acting within the scope of his employment, intentionally, willfully, and maliciously battered Plaintiff when he, in a hostile and/or offensive manner, struck Plaintiff without her consent, and with the intention of causing harmful and/or offensive bodily contact to Plaintiff.

39. The assault and battery by Defendant Terrell was unnecessary and unwarranted in the performance of his duties as an NYPD officer and constituted an unreasonable and excessive use of force.

40. Defendant City, as employer of Defendant Terrell, is responsible for Defendant Terrell's wrongdoing under the doctrine of *respondeat superior.*

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM FOR RELIEF
### Negligent Hiring / Training / Retention of Employment Services
### (Against Defendant City)

42. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

43. The City, through the NYPD, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

44. Defendant City knew or should have known through the exercise of reasonable diligence that Defendant Terrell was potentially dangerous.

45. On information and belief, Defendant Terrell was unfit and incompetent for his

position as a police officer.

46. On information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining Defendant Terrell was the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

47. As a direct and proximate result of the negligence, misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that this Court:

1. Order Defendants Terrell and City of New York to pay Plaintiff compensatory and consequential damages in an amount to be determined, but in no event less than $500,000.00;

2. Award Plaintiff punitive damages to be paid by Defendants Terrell and City in an amount to be determined;

3. Award Plaintiff the attorneys' fees and costs incurred in bringing this action, pursuant to 42 U.S.C. § 1988; and

4. Grant such other relief as this Court deems just and proper.

Dated: New York, New York.
January 29, 2010

Respectfully submitted,

THE LEGAL AID SOCIETY

By: /s/ Christine L. Bella

Steven Banks, Attorney in Chief.
Nancy Rosenbloom, Director, Juvenile Rights Practice Law Reform Unit
Christine L. Bella, of Counsel
199 Water Street, 3rd Floor
New York, New York 10038
(212)577-3265
sbanks@legal-aid.org
nrosenbloom@legal-aid.org
clbella@legal-aid.org

- and -

DLA PIPER LLP (US)
David E. Nachman
Miles D. Norton
1251 Avenue of the Americas
New York, New York 10020
(212) 335-4500
david.nachman@dlapiper.com
miles.norton@dlapiper.com

*Attorneys for Plaintiff*
*S. S.*