```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

S.S. by her parent/guardian and    :
next friend E.S.,
                                   :
              Plaintiff,
                                   :   10 Civ. 724 (WHP)(HBP)
    -against-
                                   :   MEMORANDUM OPINION
CITY OF NEW YORK and POLICE            AND ORDER
OFFICER DAVID TERRELL (Shield      :
#16032),
                                   :
              Defendants.
                                   :
-----------------------------------X
```

           PITMAN, United States Magistrate Judge:

           This is a civil rights action brought pursuant to 18 U.S.C. § 1983 arising out defendant Terrell's alleged use of unnecessary force against plaintiff S.S.  Defendants seeks to compel plaintiff to execute a release for her Family Court file.  For the reasons set forth below, defendants' application is granted in part and denied in part.

           The complaint alleges the following facts.  On or about February 3, 2009, plaintiff, who was then 15 years of age, had been remanded by the New York City Family Court to the Bridges Juvenile Center ("Bridges") in the Bronx.  Upon her arrival at Bridges, plaintiff was seated in an admissions area where she was given something to eat.  Defendant Terrell, an officer with the

New York City Police Department, had transported other juveniles to Bridges on February 3, 2009 and was also present in the admissions area at Bridges with plaintiff on that date. While both plaintiff and Terrell were in the admissions area, plaintiff engaged in what the complaint describes as a "spirited conversation" with the Bridges staff; neither the subject matter of the conversation nor its details are disclosed in the complaint. Plaintiff's "spirited conversation" with the Bridges staff resulted in a verbal altercation with Terrell. According to the complaint, Terrell then knocked a plate of food out of plaintiff's hands and punched plaintiff in the face several times.

Defendants now seek to obtain plaintiff's entire Family Court file. Plaintiff objects on the grounds of relevance.

The principal issues in this case are whether Terrell did in fact use force against plaintiff and, if so, whether the use of that force was justified by the circumstances existing at the time the force was used. The proceeding that resulted in plaintiff being remanded to Bridges does not bear on either issue. Whether plaintiff was remanded to Bridges for something as minor as jumping a subway turnstile or for something as serious as violent, gang-related activity, she had the same right to be free from the unnecessary use of force. Similarly, if she engaged in conduct that threatened Terrell or otherwise justified

the use of the force, the use of reasonable force would be justified whether plaintiff had been remanded for a minor offense such as smoking in the subway or a major offense such as assaulting another with a baseball bat.  In short, the conduct, or alleged conduct, that resulted in plaintiff's appearance in Family Court sheds no light on what, if anything, occurred in the admissions area at Bridges.

Defendants make a half-hearted attempt to argue that the events, or alleged events, that brought plaintiff to Family Court may constitute admissible similar act evidence, arguing "the details and circumstances surrounding the Underlying Incident would lead to admissible evidence, under F.R.E. 404(b) as to plaintiff's intent, motive, etc., as plaintiff could have been sent to the Bridges Facility in an agitated state and as the incident with Police Officer Terrell occurred immediately after plaintiff arrived at the facility."  This argument is not convincing because plaintiff's intent or motive is not in issue; if Terrell used force against plaintiff, the issue of justification will turn on the conduct by plaintiff in the admissions area that Terrell reasonably perceived before using force, not on plaintiff's internal mental processes.  If defendants intend to argue that force was used and was justified by plaintiff's agitated

3

state, what will be relevant is her behavior in the admissions area, not her behavior at Family Court.

The one exception to the foregoing is the subject of damages. Plaintiff alleges that the beating left her with mental injuries. The Family Court records would be relevant to the extent, if at all, they address whether plaintiff suffered from any pre-existing mental conditions. Unless there is evidence of exacerbation as a result of the alleged assault, plaintiff cannot recover for any pre-existing mental conditions.

Accordingly, defendants' application to compel plaintiff to provide a release concerning plaintiff's Family Court files is denied except to the extent the Family Court files contain information concerning any mental conditions from which plaintiff suffered. Plaintiff is directed to promptly provide a release with respect to those portions of her Family Court file.

Dated: New York, New York
July 1, 2010

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Miles D. Norton, Esq.
David E. Nachman, Esq.
DLA Piper LLP (USA)
27th Floor
1251 Avenue of the Americas
New York, New York  10020-1104

Christine L. Bella, Esq.
Nancy Rosenbloom, Esq.
The Legal Aid Society
3rd Floor
199 Water Street
New York, New York  10038

Johana V. Castro, Esq.
Brian C. Francolla, Esq.
Assistant Corporation Counsels
City of New York
100 Church Street
New York, New York  10007